IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-mj-01161-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ADAM C. SHRYOCK,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Robert C. Troyer, Acting United States Attorney for the District of Colorado, and Martha Paluch, Assistant United States Attorney, and the defendant, Adam C. Shryock, personally and by counsel, Steven R. Anderson, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I.  PLEA AGREEMENT

#### A. Defendant's Obligations

The defendant agrees to plead guilty to Count 1 of the Information, charging a violation of 26 U.S.C. § 7203, Willful Failure to File Tax Return. The defendant agrees to the appellate waiver, set forth fully below. The parties agree that the defendant should be ordered to pay restitution to the Internal Revenue Service (IRS) in the amount of $430,970. This amount represents the tax due and owing for the defendant's

Court's Exhibit 1

individual and corporate tax loss for Counts 1 through 6 of the Information, as well as the tax loss for relevant conduct for the tax year 2010.

The defendant agrees that nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time period covered by this agreement or any other time period, and he agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period covered by this agreement or any other time period.

### B. The Government's Obligations

In exchange for the defendant's plea of guilty and waiver of certain appellate rights, the United States Attorney's Office for the District of Colorado ("the government") agrees to move at sentencing for dismissal of the remaining counts in the Information. The government also agrees to not file any additional charges in the District of Colorado against the defendant based on the information presently known to the government as outlined in the statement of facts below.   In addition, provided the defendant does nothing inconsistent with accepting responsibility between the date of the plea hearing and the date of sentencing, the government will recommend that the defendant receive the maximum reduction for acceptance of responsibility.  The government agrees to not seek a sentence above 12 months in prison.  The government also agrees to not oppose the defendant's request to begin any period of imprisonment, if imposed, after

September 1, 2017. In addition, the government will not oppose the defendant's request for placement at FDC-Englewood, understanding such placement decisions are made by the Bureau of Prisons.

### *The Defendant's Waiver of Appellate Rights*

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 15; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II.  ELEMENTS OF THE OFFENSE

In order to be convicted of a violation of 26 U.S.C. § 7203, Willful Failure to File Tax Return, the government would have to prove the following elements beyond a reasonable doubt:

*First:* The defendant was required to file a return;

*Second:* he failed to do so; and

*Third;* that failure was willful.

*United States v. Harting,* 879 F.2d 765, 766 -67 (10th Cir. 1989).

## III.  STATUTORY PENALTIES

The maximum statutory penalty for a conviction of 26 U.S.C. § 7203, a Class A misdemeanor, is as follows: not more than 12 months of imprisonment; a fine of not more than $100,000, or both; not more than 1 year of supervised release; and a $25.00 special assessment fee.  If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## IV.  STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties

disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree that the date on which relevant conduct began was in February 2011. The parties agree and stipulate to the following facts.

In February of 2011, the defendant formed the promotional campaign "Boobies Rock Awareness for Breast Cancer." In April 2011, he incorporated Boobies Rock (also, the "Company") in California and was the sole owner and operator of this company. In October of 2011, he relocated the headquarters for the Company to Castle Rock, Colorado, and operated this company from Castle Rock until June 2013.

During that time, the Company held 3600 to 4500 promotional events wherein sales reps sold breast cancer awareness merchandise and accepted donations at bars and sporting events throughout the country. The defendant operated the company and other similar entities as for-profit businesses. The defendant asserts he donated as much as $150,000 to charitable organizations prior to the initiation of legal actions by the State of Colorado. The defendant provided canceled checks that support these donations.

The Boobies Rock merchandise consisted of t-shirts, hoodies, koozies and bracelets. Hiring managers and/or sales reps accepted cash, checks and credit card payments at the events. They were instructed to deposit the event proceeds into

accounts controlled by the defendant at Wells Fargo and Bank of America. Proceeds were also mailed or hand delivered to the defendant's Castle Rock residence.

Gross receipts from Boobies Rock and other corporations started by the defendant were at least $2.4 million. During the years of investigation, over 2200 cash deposits totaling over $1.8 million were made into his accounts. The defendant used some of these funds to support his lifestyle and maintains the rest of the money was used to operate his business.

The defendant did not file individual tax returns for tax years 2011-2013 (Counts 1-3 of the Information). He also failed to file an individual tax return for the year 2010. While the defendant resided in California during the 2010 tax year, the parties agree that the tax loss for that year, $66,772, should be included in this case as relevant conduct. The total individual tax due for the defendant for the years 2010-2013 is $197,330.

As the sole owner and operator of Boobies Rock (a calendar year corporation for tax purposes), the defendant was required to file corporate tax returns in Colorado for the years 2011, 2012 and 2013 (Counts 4-6 of the Information). The total corporate tax loss for these years is $233,640.

The total tax loss in this case, and amount of restitution due to the IRS, is $430,970.

## V.   SENTENCING COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States

Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A. The base offense level is 18 pursuant to § 2T1.1, 2T4.1 (tax loss of more than $250,000, but less than $550,000).

B. The parties agree no enhancements or role in the offense adjustments apply. See § 3B1.1.

C. The adjusted offense level is therefore 18.

D. Pursuant to §3E1.1(a) and (b), provided the defendant does nothing inconsistent with accepting responsibility between the date of the plea hearing and the date of sentencing, the defendant should receive the full three-level reduction for acceptance of responsibility. The resulting total offense level would be 15.

E. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is ultimately determined by the Court. The information known to the parties shows that the defendant has prior criminal history. The defendant's criminal history category is tentatively estimated to be Category II.

F. Assuming the tentative criminal history facts above are accurate, the career offender/criminal livelihood/armed career criminal adjustments do not apply.

G. The guideline range resulting from the government's estimated total offense level of 15, and the tentative Criminal History Category II, is 21-27 months. However,

      a conviction on one count of violating 26 U.S.C. § 7203 carries a statutory maximum sentence of 12 months in prison.

H.    Pursuant to guideline § 5E1.2, assuming the parties' estimated offense level of 15 is accurate, the fine range for this offense would be between $7,500 and $75,000, plus applicable interest and penalties.

I.    Pursuant to § 5D1.2(a)(3), if the court imposes a term of supervised release, that term shall be not more than one year.

J.    The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

K.    The defendant agrees to pay $430,970 in restitution to the Internal Revenue Service.

      No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

## VI.  ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: _____    _____
Adam C. Shryock
Defendant

Date: 4/4/17    _____
Steven R. Anderson
Attorney for Defendant

Date: 4/4/17    _____
Martha A. Paluch
Assistant U.S. Attorney