CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. ADAM C. SHRYOCK                  DKT. NO. 1:16-01161MJ

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Christopher Mendoza, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Adam C. Shryock, who was placed on supervision by the Honorable Michael J. Watanabe, sitting in the United States District Court in Denver, Colorado, on January 25, 2018.  The defendant was sentenced to one year imprisonment and one year supervised release for an offense of Failure to File Tax Returns in violation of 26 U.S.C. § 7203.  Supervision commenced on March 15, 2019, and is set to expire on March 14, 2020.  As noted in the judgment [Document 49], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

**1. FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED**

On or about November 22, 2019, the defendant was directed to report to the probation officer before 3:00 p.m. on November 27, 2019, and he failed to so report, which constitutes a Grade C violation of supervised release.

On November 22, 2019, I sent an email to the defendant instructing him to report to the probation office no later than 3:00 p.m. on November 27, 2019.  The defendant failed to call or report to the office as directed.  As of the entry of this petition, the defendant's whereabouts are unknown.

**2. FAILURE TO SUBMIT WRITTEN REPORT(S)**

The defendant failed to submit written reports for the month(s) of April, May, June, July, August, October and November 2019, which constitutes a Grade C violation of supervised release.

On April 18, 2019, at my initial meeting with the defendant, I provided him with monthly report forms and instructed him to mail them to the Probation Office so that they were received within the first five days of every month.  Despite this, the defendant subsequently failed to submit monthly reports in May, June, July, August, October, and November and December 2019. I spoke with the defendant on April 18, 2019; July 22, 2019; August 21, 2019; September 9, 2019 and November 22, 2019, about the

importance of complying with his reporting requirements. Despite these efforts the defendant continued to fail to submit monthly reports as required.

### 3. FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN RESIDENCE

On or about October 31, 2019, the defendant moved from his residence at 5399 Valentia Street Denver, CO 80238, and failed to notify the probation officer of this change within 72 hours or 10 days prior to moving, which constitutes a Grade C violation of supervised release.

On December 3, 2019, I received a phone call from Financial Litigation Unit Asset Investigator Troy Tyus. He explained while conducting an investigation on the defendant, he drove past the defendant's residence of record and discovered a "for rent" sign posted outside. I attempted to follow-up with the defendant and discovered his phone service was disconnected. I then placed a phone call to the parents of the defendant and they informed me they received a hand written letter from him in September 2019, indicating he had discontinued his phone service was "going off the grid." The defendant's parents also advised he had called them in late October 2019 indicating he was relocated at an undisclosed location. Based on the aforementioned information, as well as the defendant not communicating with the probation office, his whereabouts are currently unknown.

### 4. FAILURE TO PAY FINE/RESTITUTION AS DIRECTED

The defendant has failed to make payments toward his restitution on April 30, May 30, June 30, July 30, September 30, October 30, and November 30, 2019 as directed by the Court/probation officer, which constitutes of Grade C violation of supervised release.

On April 18, 2019, I reviewed the defendant's judgment and conditions of supervised release, which included his Court ordered restitution obligation. I reviewed the Court ordered payment plan with the defendant and he agreed to pay 10% of his gross monthly income by the 30th of each month. As of date of this petition, the defendant has only made one payment toward his financial obligations which occurred in August 2019.

### 5. FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER

The defendant failed to provide urine samples at Independence House, the testing and treatment program in which the probation officer directed him to participate, on September 26, October 5, October 30, and November 24, 2019. This constitutes a Grade C violation of supervised release.

On April 18, 2019, the defendant was directed to report to the Independence House North location on April 19, 2019, for a facility urine intake. He was also advised he would be submitting to urine testing twice monthly and that missing testing was unacceptable. The defendant failed to comply with these instructions despite reminders

Case 1:16-mj-01161-SKC   Document 55   Filed 12/06/19   USDC Colorado   Page 3 of 4

Adam C. Shryock
1:16-01161MJ

Petition for Warrant on Person Under Supervision
Page 3

December 5, 2019

on the following dates that missing urine testing was unacceptable and was grounds for requesting court action: September 26, 2019; October 5, 2019; October 30, 2019 and November 24, 2019.

## 6. FAILURE TO PERFORM COMMUNITY SERVICE

The defendant failed to perform community service as directed, which constitutes a Grade C violation of supervised release.

On April 18, 2019, I reviewed the defendant's judgment and conditions of supervised release ordered by the Court. The defendant acknowledged understanding of all conditions set forth by the Court, including he was required to complete 120 hours of community service. I spoke with the defendant about working toward completing his assigned hours on the following dates: June 20, 2019, July 22, 2019, August 21, 2019, September 9, 2019 and on November 22, 2019. As of the date of this petition, the defendant has not provided proof of completing any hours of community service.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant. Further, the defendant has absconded from supervision and his current whereabouts are unknown; thus, a voluntary court appearance by summons is impractical.

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violation(s) of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Christopher Mendoza*
Christopher Mendoza
United States Probation Officer
Place:   Denver
Date:    December 5, 2019

*s/Garret C. Pfalmer*
Garret C. Pfalmer
Supervising United States Probation Officer
Place:   Denver
Date:    December 5, 2019

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class A misdemeanor, thus the maximum sentence allowed upon revocation is one year imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation. The defendant's criminal history is a Category II, thus the advisory guideline range for revocation is four to ten months.

**STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:**

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings. The defendant is viewed as presenting a risk of flight. The defendant is currently on abscond status and he previously reported to his parents via handwritten letter in September 2019 he was disconnecting his phone and going "off the grid." This communication shared with the defendant's parents confirms he is a risk of non-appearance, as well as his willful choice to abscond from supervision. Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.