CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. ADAM C. SHRYOCK                                        DKT. NO. 1:16MJ01161-1

## SUPERSEDING PETITION DUE TO VIOLATIONS OF SUPERVISION

COMES NOW, Heather Becker, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Adam C. Shryock, who was placed on supervision by the Honorable Michael J. Watanabe, sitting in the United States District Court in Denver, Colorado, on January 25, 2018.  The defendant was sentenced to one year imprisonment and one year supervised release for an offense of Failure to File Tax Returns in violation of 26 U.S.C. § 7203.  Supervision commenced on March 15, 2019, and is set to expire on March 14, 2020.  As noted in the judgment [Document 49], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

**1.  FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED**

On or about November 22, 2019, the defendant was directed to report to the probation officer before 3:00 p.m. on November 27, 2019, and he failed to so report, which constitutes a Grade C violation of supervised release.

On November 22, 2019, I sent an email to the defendant instructing him to report to the probation office no later than 3:00 p.m. on November 27, 2019.  The defendant failed to call or report to the office as directed.  As of the entry of this petition, the defendant's whereabouts are unknown.

**2.  FAILURE TO SUBMIT WRITTEN REPORT(S)**

The defendant failed to submit written reports for the month(s) of April, May, June, July, August, October and November 2019, which constitutes a Grade C violation of supervised release.

On April 18, 2019, at my initial meeting with the defendant, I provided him with monthly report forms and instructed him to mail them to the Probation Office so that they were received within the first five days of every month.  Despite this, the defendant subsequently failed to submit monthly reports in May, June, July, August, October, and November and December 2019. I spoke with the defendant on April 18, 2019; July 22,

Case 1:16-mj-01161-SKC   Document 71   Filed 09/01/22   USDC Colorado   Page 2 of 4

| | | |
|---|---|---|
| Adam C. Shryock<br>1:16MJ01161-1 | Superseding Petition Due to Violations of Supervision<br>Page 2 | August 31, 2022 |

2019; August 21, 2019; September 9, 2019 and November 22, 2019, about the importance of complying with his reporting requirements. Despite these efforts the defendant continued to fail to submit monthly reports as required.

### 3. FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN RESIDENCE

On or about October 31, 2019, the defendant moved from his residence at 5399 Valentia Street Denver, CO 80238, and failed to notify the probation officer of this change within 72 hours or 10 days prior to moving, which constitutes a Grade C violation of supervised release.

On December 3, 2019, I received a phone call from Financial Litigation Unit Asset Investigator Troy Tyus. He explained while conducting an investigation on the defendant, he drove past the defendant's residence of record and discovered a "for rent" sign posted outside. I attempted to follow-up with the defendant and discovered his phone service was disconnected. I then placed a phone call to the parents of the defendant and they informed me they received a hand written letter from him in September 2019, indicating he had discontinued his phone service was "going off the grid." The defendant's parents also advised he had called them in late October 2019 indicating he was relocated at an undisclosed location. Ultimately the defendant was located and arrested on the instant violation warrant in Kansas. His whereabouts were unknown until his arrest.

### 4. FAILURE TO PAY FINE/RESTITUTION AS DIRECTED

The defendant has failed to make payments toward his restitution on April 30, May 30, June 30, July 30, September 30, October 30, and November 30, 2019 as directed by the Court/probation officer, which constitutes of Grade C violation of supervised release.

On April 18, 2019, I reviewed the defendant's judgment and conditions of supervised release, which included his Court ordered restitution obligation. I reviewed the Court ordered payment plan with the defendant and he agreed to pay 10% of his gross monthly income by the 30th of each month. As of date of this petition, the defendant made no voluntary payments towards his restitution. The only payment received was made as a result of the Treasury Offset Program (TOP), in August 2019.

### 5. FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER

The defendant failed to provide urine samples at Independence House, the testing and treatment program in which the probation officer directed him to participate, on September 26, October 5, October 30, and November 24, 2019. This constitutes a Grade C violation of supervised release.

Case 1:16-mj-01161-SKC   Document 71   Filed 09/01/22   USDC Colorado   Page 3 of 4

| | | |
|---|---|---|
| Adam C. Shryock<br>1:16MJ01161-1 | Superseding Petition Due to Violations of Supervision<br>Page 3 | August 31, 2022 |

On April 18, 2019, the defendant was directed to report to the Independence House North location on April 19, 2019, for a facility urine intake.  He was also advised he would be submitting to urine testing twice monthly and that missing testing was unacceptable.  The defendant failed to comply with these instructions despite reminders on the following dates that missing urine testing was unacceptable and was grounds for requesting court action: September 26, 2019; October 5, 2019; October 30, 2019 and November 24, 2019.

### 6.  FAILURE TO PERFORM COMMUNITY SERVICE

The defendant failed to perform community service as directed, which constitutes a Grade C violation of supervised release.

On April 18, 2019, I reviewed the defendant's judgment and conditions of supervised release ordered by the Court.  The defendant acknowledged understanding of all conditions set forth by the Court, including he was required to complete 120 hours of community service.  I spoke with the defendant about working toward completing his assigned hours on the following dates: June 20, 2019, July 22, 2019, August 21, 2019, September 9, 2019, and on November 22, 2019.  As of the date of this petition, the defendant has not provided proof of completing any hours of community service.

### 7.  LEAVING THE DISTRICT WITHOUT PERMISSION

On or prior to July 11, 2022, the defendant left the District of Colorado and traveled to the District of Kansas, without permission of the probation officer or the Court, which constitutes a Grade C violation of supervised release.

According to the Rule 5(c)(3) Documents received from the District of Kansas [Document 60], the defendant appeared in the District of Kansas (Wichita) for his initial appearance on the instant violation warrant.  The defendant was subsequently committed back to the District of Colorado for further proceedings after waiving his preliminary and detention hearings.  The defendant had not been given permission by the probation department to travel to the District of Kansas, and had actively absconded from supervision at the time of his arrest.

### RESPECTFULLY REQUESTING
That this superseding petition replace the previously submitted petition [Document 55] and that the Court consider revocation of supervision at the violation hearing based on the superseding petition.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/ Heather Becker*
  Heather Becker
  United States Probation Officer
  Place:   Denver
  Date:    August 31, 2022

*s/ Garret Pfalmer*
  Garret C. Pfalmer
  Supervising United States Probation Officer
  Place:   Denver
  Date:    August 31, 2022

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class A misdemeanor, thus the maximum sentence allowed upon revocation is one year imprisonment, pursuant to 18 U.S.C. § 3583(e).  Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation.  The defendant's criminal history is a Category II, thus the advisory guideline range for revocation is four to ten months.